IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>VEANIUA VEHIKITE,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING APPEAL OF MAGISTRATE ORDER DENYING RELEASE ON CONDITIONS<br><br>Case No. 2:12-CR-533 TS |

This matter is before the Court on Defendant's Appeal of Magistrate Order Denying Release on Conditions.[1] The Court heard argument on the Motion on May 29, 2013. For the reasons discussed below, the Court will deny Defendant's Motion.

I. BACKGROUND

Defendant Veaniua Vehikite is charged with (1) Possession of Methamphetamine with Intent to Distribute; (2) Possession of Heroin with Intent to Distribute; (3) Possession of Cocaine with Intent to Distribute; (4) Possession of Marijuana with Intent to Distribute; (5) Felon in

---

[1]Docket No. 53.

1

Possession of a Firearm and Ammunition; and (6) Possession of a Firearm in Furtherance of a Drug Trafficking Crime.

Defendant appeared before Magistrate Judge Warner on October 3, 2012, and was ordered detained pending trial. Defendant filed a motion for review of detention on May 1, 2013, which Judge Warner denied on May 7, 2013, finding that Defendant is a risk of danger to the community.[2] Defendant then filed the instant Motion on May 17, 2013, seeking review of his detention order.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 3145(b) and DUCrimR 57-16(a)(1) "[a]ny party is entitled to appeal a magistrate judge's order releasing or detaining a defendant."[3] The Court conducts its own de novo review of the detention issue giving no deference to the magistrate judge's findings or conclusions.[4] In so doing, the Court may elect to start from scratch and take evidence—whether or not new evidence is proffered—and also may incorporate the record of the proceedings conducted by the magistrate judge, including any exhibits.[5]

In making its determination, this Court, like the magistrate judge, is governed by the standards set forth in 18 U.S.C. § 3142. Under that statute, an accused is ordinarily entitled to

---

[2] Docket No. 49.

[3] DUCrimR 57-16(a)(1).

[4] *Id.* (providing for de novo review of detention orders); *United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002); *see also United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003) (holding that district court's review under subsection (a) of § 3145 is de novo).

[5] *Lutz*, 207 F. Supp. 2d at 1251.

2

pretrial release, with or without conditions, unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and community."[6]

In certain cases, however, the presumption shifts. Section 3142(e)(3)(A)-(B) dictates that, "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed (A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act . . . [or] (B) an offense under section 924(c) . . . ."

In this case, Defendant is charged with several offenses for which a maximum term of imprisonment of ten years of more is prescribed under the Controlled Substances Act and an offense under 18 U.S.C. § 924(c). The grand jury Indictment is sufficient to establish the finding of probable cause under § 3142(e)(3).[7] Thus, in this matter, detention is presumed.

> Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.[8]

---

[6]18 U.S.C. § 3142(b), (c), & (e).

[7]*United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991).

[8]*Id.* at 1354-55.

3

As stated, the burden of persuasion remains with the government. The government must prove risk of flight by a preponderance of the evidence and it must prove dangerousness to any other person or to the community by clear and convincing evidence.[9]

Here, Defendant has failed to meet his burden of production to show that he does not pose a risk of danger to the community. At the hearing in this matter, Defendant attempted to meet his burden by introducing the testimony of his mother, who stated that it was her belief that, if Defendant were released, he would not pose a risk of danger to the community. Although the Court does not doubt the sincerity of this testimony, the Court finds it insufficient to meet Defendant's burden of production. The Court also finds Defendant's other attempts to meet his burden equally unavailing.

Further, even if Defendant had met his burden of production, the Motion would still be denied because the government has met its burden to show, by clear and convincing evidence, that Defendant poses a risk of danger to the community. Defendant's criminal history includes two weapons offenses as well as a number of offenses related to controlled substances and alcohol abuse. Defendant also faces charges for several drug offenses as well as the use of a firearm in furtherance of drug trafficking. The Court finds this evidence sufficient to show that Defendant is a danger to the community.

As Defendant has not met his burden of production to show that he does not pose a risk of danger to the community, and the government has met its burden to persuade the Court that

---

[9] *Cisneros*, 328 F.3d at 616.

Defendant is a danger to the community, the Court finds it unnecessary to address whether he poses a risk of flight.

### III.  CONCLUSION

For the reasons provided above, the Court will affirm the Magistrate Judge's Order of Detention Pending Trial[10] and find that there is no condition or combination of conditions to reasonably assure the safety of any other person or the community.  It is therefore

ORDERED that Defendant's Appeal of Magistrate Order Denying Release on Conditions (Docket No. 53) is DENIED.  The Magistrate Judge's Order of Detention Pending Trial is AFFIRMED and Defendant is ordered detained pending trial.

DATED   June 3, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[10] Docket No. 49.